In the Matter of FISCHBACH AND MOORE, INC., et al., Petitioners, *v.* STATE TAX COMMISSION, Respondent.

Third Department, December 6, 1973.

*Weisman, Celler, Spett, Modlin & Wertheimer (Herbert R. Berk* and *O. John Rogge* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General (Thomas P. Zolezzi* and *Ruth Kessler Toch* of counsel), for respondent.

COOKE, J. This is a proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business tax imposed under article 23 of the Tax Law.

In 1956, three corporations (Fischbach and Moore, Incorporated, J. Livingston & Company and Slattery Contracting Co., Inc.), petitioners herein, submitted one bid to and entered into a contract with the City of New York for various items of work to be performed in the installation of a high-power transmission line running between electrical substations in Manhattan and Brooklyn to be used by the New York City Transit Authority. While petitioners assert that the joint venture alleged to exist among them was merely a shell for the purpose of bidding on the work and for receiving and disbursing money, respondent determined that the association of the three corporations constituted such a combination. Among other things, there was proof: that in the performance bond and contract with

the city, petitioners were denominated as joint venturers and as a joint venture; that the joint venture filed a New York State partnership and unincorporated business tax return for 1961 and a Federal partnership return; that each participant shared equally in the profits derived; that each was jointly and severally liable under the contract for the entire project; that liability insurance policies taken out in connection with the project were in the name of all three; and that the work on the contract began in 1956 and ended in 1961. Petitioners' brief admits that each of them had some knowledge and ability that the others did not have and that, on this particular job, the work of each was required.

Subdivision (a) of section 703 of the Tax Law, a part of article 23 entitled " Unincorporated Business Income Tax ", defines an unincorporated business, generally, as " any trade, business or occupation conducted, engaged in or being liquidated by an individual or unincorporated entity, including a partnership ". Subdivision 11 of section 350 provides that " the word ' partnership ' includes a   *   *   *   joint venture ". In view of the definition of a joint venture as an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill and knowledge (*Fallone* v. *Misericordia* *Hosp.*, 23 A D 2d 222, 225, affd. 17 N Y 2d 648), it is obvious that there was substantial evidence on which respondent could determine that the instant alliance of the three corporations constituted a joint venture whose activities were taxable under article 23 of the Tax Law.

Petitioners also contend that respondent incorrectly construed the " additional exemption " provided for in subdivision (2) of section 709 of the Tax Law. Said section provides in part:

" In computing unincorporated business taxable income, there shall be allowed (without allocation under section seven hundred seven):   *   *   *

" (2) if a partner in an unincorporated business is itself taxable under   *   *   *   article[s] nine-a   *   *   *   an exemption for the amount of the partner's proportionate interest in the excess of the unincorporated business gross income over the deductions allowed under sections seven hundred six and seven hundred eight, *but this exemption shall be limited to the amount which is   *   *   *   included in a corporate partner's net income allocable to this state* " (emphasis supplied).

The joint venture had an income from the city contract of $2,023,042.89, which was divided equally so that each partner

received $674,347.63, the latter amount being included in the income of each corporation and each having paid a franchise tax under article 9-A. For franchise tax purposes, the three corporations allocated their income to New York in 1961 according to the following ratios: Fischbach and Moore, Incorporated — 16.3159%; J. Livingston & Company — 38.7184%; Slattery Contracting Co., Inc.— 100%. The notice of deficiency issued by respondent calculated the unincorporated business tax due from the joint venture on its total income from the city contract less the fixed exemption of $5,000 (provided for in subdivision [1] of section 709 of the Tax Law) and less the " additional exemption " (provided for in subdivision [2]), the latter exemption having been computed by applying each corporation's franchise tax allocation ratio to the $674,247.63 it received from the joint venture. Petitioners' argument that subdivision (2) has been improperly construed, in that they should have been allowed a 100% exemption for their share of the joint venture income, overlooks the clear legislative intent (N. Y. Legis. Annual, 1949, pp. 300–301) expressed when section 386-f of the Tax Law (a part of article 16-A, applicable to taxable years ending prior to December 31, 1960) was amended in 1949 (L. 1949, ch. 387). Contrary to the former statute, the amendment limited the exemption to the amount produced by applying the corporation's franchise tax allocation ratio to its share of joint venture income, the procedure followed by respondent here.

The income received by the joint venture was from revenues derived wholly within New York State. Petitioners' constitutional challenge to the statute as applied is meritless (*Northwestern States Portland Cement Co.* v. *Minnesota,* 358 U. S. 450; *Matter of Eastman Kodak Co.* v. *State Tax Comm.,* 33 A D 2d 298, 303, affd. 30 N Y 2d 558).

The determination should be confirmed and the petition dismissed, with costs.

HERLIHY, P. J., GREENBLOTT, MAIN and REYNOLDS, JJ., concur.

Determination confirmed and petition dismissed, with costs.