Fuchsberg, J.
The petitioners appeal as of right on constitutional grounds from an order of the Appellate Division (43 AD2d 81) confirming a determination of the State Tax Commission which imposed unincorporated business taxes on them under article 23 of the Tax Law.
Each of the petitioners is a domestic corporation engaged in electrical or construction work. Fischbach & Moore, Inc. (Fischbach) and S. Livingston & Co. (Livingston) do business in *607 interstate commerce, while Slattery Contracting Co. (Slattery) does business only in New York. In 1956 the New York City Transit Authority awarded the three a contract to furnish and install an underground electrical transmission system between Brooklyn and Manhattan. The three corporations formed a joint venture for this project, completed the work in 1961, and divided the net income from the venture into three equal shares of approximately $675,000 each.
All three paid corporate franchise taxes to the State of New York according to an allocation formula adopted by the State as a means of computing an appropriate ratio between the corporation’s income attributable to New York and its total corporate income wherever derived. The formula is supposed to provide a figure reflecting that part of the total income which is fairly allocated to New York State. It does so by taking the property used, the receipts from sales and services performed, and the wages and compensation paid, each both within and without the State of New York, and using them to arrive at a weighted percentage.[1]
Thus, Slattery, which does business only in New York, paid taxes on its total corporate income to New York. Fischbach and Livingston, however, paid New York taxes on only approximately 16% and 39%, respectively,[2] of their total net corporate incomes, since those were the percentages of their total net corporate incomes taxable under the State’s allocation formula. Presumably, they paid, or were subject to, taxes under similar formulas to other States in which they also did business.[3]
Fischbach included its $675,000 share in the joint venture income in its total corporate income from all sources for New York State corporate franchise tax purposes. It then applied New York’s allocation formula, arrived at the figure of 16%, and thus paid corporate franchise taxes to New York on 16% of its total corporate income. Fischbach’s position here is that this amount, equal to 16% of its total corporate income, *608 should be available to it as an exemption against the amount, the $675,000, on which it owes unincorporated business taxes. Livingston shares this view.
The State Tax Commission, however, took a different view. It held that, since Fischbach had paid corporate tax in New York on only 16% of its total income from all sources, it should be entitled, for incorporated business tax purposes, to an exemption of only 16% of "the income which will be taxable to the corporate partners as measured by their franchise tax allocation ratios”. Fischbach and Livingston now challenge such application by the Tax Commission of the exemption provision of the unincorporated business tax (Tax Law, § 709, subd [2]), claiming that the statute, if correctly so interpreted, discriminates unjustifiably against corporations doing business interstate, and, therefore, violates the commerce clause of the United States Constitution (art I, § 8, cl 3).
Petitioners originally sought a redetermination of the asserted tax deficiency, but the respondent’s review panel upheld the commission’s exemption computation, finding it proper to limit the amount of the exemption to only the sum produced by multiplying the amount produced by their New York "franchise tax allocations” by the allocation ratio percentages. The commission’s determination was unanimously affirmed by the Appellate Division.
Subdivision (2) of section 709 of the Tax Law in relevant part, provides: "if a partner in an unincorporated business is itself taxable under this article or under articles nine-a [corporate franchise tax] * * * an exemption [shall be allowed] for the amount of the partner’s proportionate interest in the excess of the unincorporated business gross income over the deductions allowed under sections seven hundred six and seven hundred eight, but this exemption shall be limited to the amount which is * * * included in a corporate partner’s net income allocable to this state. ’’(Emphasis added.)
Preliminarily, we wish to make it clear that, though petitioners dispute the Tax Commission’s finding that they acted as joint venturers in performing the Transit Authority contract,[4] we find no reason to disturb the Appellate Division’s conclusion that that finding is supported by substantial evidence. (Cf. Matter of Fisher [Levine] 36 NY2d 146, 150.)
*609 The main issue, therefore, is whether each petitioner may now be subjected as well to the unincorporated business tax on that portion of the 1961 New York joint venture income which exceeds the percentage of the total corporate income on which New York franchise taxes were required to be paid under the allocation formula.
We have determined that petitioners are entitled to an unincorporated tax exemption limited to the amount which is included in the corporate partners’ income allocable to New York State as a result of the application of New York’s allocation formula and not just an exemption for an amount equal to the allocation ratio percentage of the income allocable to New York. Having so determined, it is unnecessary for us to reach the constitutional question.
Subdivision (2) of section 709 of the Tax Law means just what it says: It is the amount of corporate income included in that allocable to New York pursuant to ratio that is the limit of the exemption and not just the ratio percentage of that New York income. Thus, the statute speaks of an "amount” of income rather than percentage. It follows that only any amount of income from the joint venture that exceeds the amount of total corporate income allocable to New York for corporate franchise tax purposes is subject to the unincorporated business tax.
The order appealed from should, therefore, be reversed and the matter remitted to the Appellate Division with directions to remand to the State Tax Commission for proceedings consistent with this opinion.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Wachtler concur; Judge Cooke taking no part.
Judgment reversed, with costs, and matter remitted to Appellate Division for further proceedings in accordance with the opinion herein.

. The allocation formula is contained in section 210 of the Tax Law.

. The precise allocation ratio applied to Fischbach’s corporate income was 16.3159% and, to Livingston’s income, 38.7184%.

. Allocation formulas based on ratios, such as the one applied to the corporate income of Fischbach and Livingston, are no guarantee that interstate and intrastate business will receive precisely equal treatment. Nevertheless, they are the chief remedial means legislators have devised to deal with the problem. (Northwestern Cement Co. v Minnesota, 358 US 450; Wisconsin v Penney Co., 311 US 435.)

. It should be noted that petitioner Slattery’s interest in this case is confined to this issue.