In the Matter of RICHMOND CONSTRUCTORS, a Joint Venture, Petitioner, v HARRY S. TISHELMAN, as Commissioner of Finance of the City of New York, Respondent.

First Department, December 30, 1982

APPEARANCES OF COUNSEL

*Stanley L. Kantor* of counsel (*Harvey Krauss* and *Jeffrey M. Aronsson* with him on the brief; *Snow, Becker, Kroll, Klaris & Krauss, P. C.,* attorneys), for petitioner.

*Charles Himmelman* of counsel (*Gale Zareko, Maurice Ravage* and *Frances Henn* with him on the brief; *Frederick A.O. Schwarz, Jr., Corporation Counsel,* attorney), for respondent.

### OPINION OF THE COURT

SANDLER, J.

Richmond Constructors is a joint venture entered into by five corporate partners for the purpose of performing a construction contract with the City of New York to build a sewer tunnel. This was the only job done by Richmond and was its sole source of revenue. At issue here is the city unincorporated business tax on the net income from that contract.

Richmond's unincorporated business tax return showed no tax liability on the entire net income from the venture, $7,226,074, the total of the corporate partners' distributive shares, because Richmond claimed an exemption in that amount under subdivision (2) of section S46-9.0 of the Administrative Code of the City of New York based on the fact that Richmond's corporate partners had included the entire amount of their respective distributive shares of Richmond's net income as income allocable to the city on their respective New York City general corporation tax returns. The Commissioner of Finance of the City of New York, however, limited Richmond's exemption to the aggregate of the amount of the net taxable income of the corporate partners as shown on their New York City general corporation tax returns, resulting in a total exemption of $2,460,882, as opposed to $7,226,074, causing a deficiency in the tax due of $189,607.64, plus interest.

Richmond requested a redetermination, and a hearing was held before a "Formal Referee". The referee made findings of fact, none of which are contested here. He denied Richmond's contention that it was entitled to an exemption, pursuant to subdivision (2) of section S46-9.0 of the Administrative Code, in the full amount requested and affirmed the determination of the Department of Finance. Richmond then instituted this CPLR article 78 proceeding, which was in turn transferred to this court by Special Term.

The question presented concerns the interpretation of the exemption embodied in subdivision (2) of section S46-9.0, which provides, as herein pertinent:

"§ S46-9.0 Unincorporated business exemptions. In computing unincorporated business taxable income, there shall be allowed (without allocation under section S46-7.0) * * *

"(2) if a partner in an unincorporated business is taxable under this title or under any local law imposed pursuant to section one of the act authorizing the adoption of this title, an exemption for the amount of the partner's proportionate interest in the excess of the unincorporated business gross income over the deductions allowed under sections S46-6.0

and S46-8.0, *but this exemption shall be limited to the amount which is * * * included in a corporate partner's net income allocable to the city."* (Emphasis supplied.)

At issue is the meaning of the words in the section which limit the exemption allowed to an unincorporated business to "the amount which is * * * included in a corporate partner's net income allocable to the city." Respondent contends that the exemption provided by the section is limited to the amount *of,* or the amount *equal to,* a corporate partner's net taxable income allocable to the city, as opposed to the amount *included in* a corporate partner's net income allocable to the city, as urged by petitioner and, in our view, clearly supported by the statutory language.

The problem in applying the statutory exemption to the facts presented arises from the fact that each corporate partner's net taxable income allocable to the city, as declared in its general corporation tax return, was less (after losses and other deductions) than the distributive share received by the respective corporation from Richmond and included in the corporate partner's net income allocable to the city. Thus we are presented with a situation whereby a larger amount (the distributive share of each corporation) is "included in" a smaller amount (each corporation's taxable income allocable to the city). Addressing this particular factual situation, the commissioner contends, as stated in his brief, that "the exemption, in the case of a corporate partner whose proportionate interest in the unincorporated business' net income is greater than its net income allocable to the City, is limited to the amount of the partner's net income allocable to the city (which is the amount on which the partner pays City general corporation tax)." We disagree.

The legislative history of subdivision (2) of section 709 of the Tax Law, which contains the identical language in the exemption afforded under the State unincorporated business income tax, does not support respondent's construction. The commissioner relies heavily on the 1949 amendment to the predecessor statute, section 386-f of the Tax Law. In 1949, the language of the exemption here disputed, after amendment, read: "to the extent that such amount is included in the net income of such partner allocable to this

state *and is taxable under this article, or under articles nine-a, nine-b or nine-c of this chapter*." (Emphasis added.) The foregoing language may still be found in section 386-f of the Tax Law. However, the commissioner does not give due consideration to the more significant subsequent history of the statute. Notably, the language italicized above, which arguably supports the commissioner's position, was omitted in a subsequent amendment.

In 1960, the language of the exemption was amended to read, "included in a corporate partner's net income allocable to this state". (Tax Law, § 709, subd [2].) This same language was included in the enabling legislation and model code for the city unincorporated business income tax here in dispute. (Model City Unincorporated Business Income Tax Act, § 109, L 1966, ch 772, § 2.) Nothing in the legislative history of the 1960 amendment evinces any intent to limit the exemption further, as urged by the commissioner, or supports a departure from the plain meaning of the statutory language.

Moreover, we observe that an unacceptable anomaly would be created if the commissioner's construction were to be sustained. A joint venture, which of its very nature is a short-lived entity, would not be in a position to know how much net income it had to distribute until its corporate partners had determined what percentage would be subject to unincorporated business tax under the allocation formula. If the joint venture had distributed all of its income, it would later have to take back from its corporate partners sums sufficient to meet the further amounts deemed owing by the commissioner on the basis of the returns of its corporate partners. Thus, in a very real sense the income realized by the joint venture would be subject to double taxation, once in the hands of its partners, and then again after the partners had paid their taxes. In fact, the corporate partners would have declared a greater sum as the distribution from the venture in computing their net incomes than they would ultimately receive after being assessed for the deficiency the commissioner would thereafter find in the venture's taxes based on the aggregate of the partners' taxable income. This cannot have been intended by the Legislature.

The proposition, viewed in the abstract, that under the conditions presented an unincorporated business should only be exempt from paying taxes on an amount equal to a corporate partner's taxable income, may well represent a reasonable policy. But it is inconsistent with the clear language of the section defining the exemption, and that is what this court is called upon to construe. As Judge FUCHS-BERG stated in analyzing the analogous provision of the New York State Tax Law (*Matter of Fischbach & Moore v State Tax Comm.*, 36 NY2d 605, at p 609): "Subdivision (2) of section 709 of the Tax Law means just what it says: It is the *amount* of corporate income *included in* that allocable to New York pursuant to ratio that is the limit of the exemption". (Emphasis supplied.) If the Legislature had wanted to limit the exemption to the amount *of* a corporate partner's taxable income allocable to New York City, as opposed to the amount *included in* the corporate partner's net income allocable to the city, it could very easily have said just that. If the definition of the city's unincorporated business income tax exemption is to be changed, that change should be effected by legislative enactment rather than administrative construction. (See *Matter of Trump-Equitable 5th Ave. Co. v Gliedman,* 57 NY2d 588.)

Accordingly, the final determination of respondent, assessing against petitioner a New York City unincorporated business tax deficiency for the calendar year 1975 in the amount of $245,541.90, including interest should be annulled, on the law, and the petition granted, without costs.

KUPFERMAN, J. P., CARRO and ASCH, JJ., concur with SANDLER, J.; MARKEWICH, J., dissents and would confirm.

Determination of respondent, dated March 23, 1981, annulled, on the law, and the petition granted, without costs and without disbursements.