OPINION OF THE COURT
Chief Judge Cooke.
The question presented on this appeal concerns the scope of the exemption provided by section S46-9.0 of the New York City Unincorporated Business Income Tax Law as it relates to distributions of income made by an unincorporated business to its corporate partners. This court holds that an exemption under this provision is limited to the aggregate of each corporate partner’s distributive share of net income which does not exceed the partner’s “net income allocable to the city” under the New York City General Corporation Tax Law.
The New York City Unincorporated Business Income Tax Law (UBT) allows an unincorporated business to exempt from its taxable income the amounts distributed to its corporate partners as their proportionate interests in what is essentially the unincorporated business’s net income (Administrative Code of the City of New York, § S469.0, subd [2]).[1] The statute further provides that the exemption “shall be limited to the amount which is * * * *5 included in a corporate partner’s net income allocable to the city” (id.).
A corporate partner’s “net income allocable to the city” is the amount calculated under the New York City General Corporation Tax Law (City GCT) on which it must pay such tax. On each partner’s City GCT return, the amount of its distributive share of net income received from the unincorporated business is used in calculating and comprises a part of the partner’s “entire net income”, which may be derived from activities both within and without New York City. The computation begins with the partner’s Federal taxable income which is subject to extensive modifications (see Administrative Code, § R46-2.0, subd 8). The “entire net income” is then subjected to an allocation formula (see Administrative Code, § R46-4.0, subd 3) to determine the percentage of the corporation’s entire net income that will be allocated to the city as “taxable net income.” This amount is denominated “allocated net income” on the City GCT return and is the same as “net income allocated to the city” referred to in the limitation on an unincorporated business’s exemption (see Administrative Code, § S46-9.0, subd [2]).[2]
Petitioner Richmond Constructors is a New York joint venture consisting of five corporate partners holding varying percentages of ownership interests. The joint venture was formed for the purpose of performing a sewer tunnel construction contract with the City of New York. In 1975, Richmond reported for purposes of the New York City UBT a net income of approximately $7,200,000, all of which was derived from the tunnel project. This net income was distributed in full to each of Richmond’s corporate partners in proportion to their joint-venture shares. Richmond claimed an exemption, pursuant to section S46-9.0, in the full amount of its 1975 net income. As a consequence, Richmond reported no taxable net income on its UBT return.
After an audit, the city discovered that on each corporate partner’s City GCT return, the allocated net income was less than the distributive share of net income each partner *6 had received from Richmond. The city reduced the UBT exemption from the full amount of Richmond’s distributed net income to a sum equal to the aggregate of the amounts of allocated net income on each corporate partner’s City GCT, approximately $2,500,000. Richmond was assessed with a tax deficiency of approximately $190,000.
When Richmond protested, the matter was presented to a referee. Richmond argued that the limitation, referring to amounts of its net income “included in a corporate partner’s net income allocable to the city” (emphasis added), permits an exemption for any amounts considered in computing the partner’s allocated net income. Because each of the corporate partners had included its distributive share from Richmond in computing their respective allocated net incomes, Richmond contends that there should be no reduction in its claimed exemption. The city argued that the limitation provision restricts the amount of the exemption to that amount of the distributed share of net income which actually constitutes the partner’s allocated net income.
After the referee approved the city’s determination of a deficiency, Richmond instituted this article 78 proceeding. The Appellate Division annulled the city’s determination of a tax deficiency and granted Richmond’s article 78 petition, adopting Richmond’s interpretation. This court now reverses.
Under Richmond’s interpretation, the statute would read: “included in [the computation of] net income allocable to the city.” This court will not add words to a statute which has a rational meaning as written (see Matter of Fischbach & Moore v State Tax Comm., 36 NY2d 605, 609; Matter of Palmer v Spaulding, 299 NY 368, 372). Moreover, the construction of section S46-9.0 urged by Richmond would render the limitation on the exemption a nullity. The computation of allocated net income on a corporate partner’s City GCT return will necessarily include its share of the unincorporated business’s net income because that share must be reported as part of the partner’s “entire net income.” Thus, an unincorporated business would always be able to exempt the full amount of its distributions to corporate partners. This interpretation of the statute *7 must be rejected under one of the basic canons of statutory construction, that, where possible, every term of a statute should be given meaning (see Rosado v Wyman, 397 US 397, 415).
A logical interpretation of the plain words of the exemption provision indicates that the exemption is limited to the aggregate of the amounts of each corporate partner’s distributive share which is not greater than its allocated net income. The apparent object of the exemption provision is to avoid double taxation of the distributed share of net income earned by an unincorporated business in New York City (cf. L 1949, ch 387 [Tax Law, § 386-f], as amd by L 1960, ch 564 [Tax Law, § 709, subd (2)]; Dept of Taxation and Finance Memorandum of April 7,1960 on Assem Intro No. 4629, Print No. 5303; Dept of Taxation and Finance Memorandum, NY Legis Ann, 1949, pp 300-301). Richmond claims that the statutory construction of the exemption provision urged by the city would violate this purpose and subject the distributive shares to double taxation: once, as each partner’s allocated net income under the City GCT; and, again, as the unincorporated business’s taxable net income under the UBT. As will be demonstrated, the approach adopted avoids double taxation.
In cases where a corporate partner has other sources of income and its allocated net income is greater than the amount of its distributive share, it is readily apparent that the partner’s entire distributive share may be exempted by the unincorporated business because the full amount of the distribution is “included in” the corporate partner’s allocated net income. In such a case, the amount of the unincorporated business’s net income which was distributed to the partner has been taxed once in full by the city through the City GCT. When this is true for each corporate partner, the full amount of income earned by the unincorporated business will be taxed through the City GCT. Accordingly, under subdivision (2) of section S46-9.0, the unincorporated business may reduce its taxable income for UBT purposes by the full amount of income it distributed to its corporate partners thereby avoiding double taxation.
In situations such as presented here, where the amount of allocated net income is less than the amount of the *8 distributive share, the limitation will prevent the unincorporated business from claiming as an exemption that amount of the distributive share which is in excess of allocated net income. For example, if the distributive share were $10,000 and the corporate partner’s allocated net income were $6,000, the unincorporated business’s exemption would be limited to $6,000, which would be the amount of distributed net income “included in [the] corporate partner’s net income allocable to the city” (Administrative Code, § S46-9.0, subd [2]). Under any other interpretation, a portion of an unincorporated business’s net income distributed to its corporate partners would not be subject to city taxation at all because each partner would only be paying corporate tax on the amount of its allocated net income, which was less than its distributive share. The unincorporated business, however, would have exempted from its net income the entire amount it distributed, leaving it with no UBT liability. Thus, Richmond’s claimed exemption was properly reduced by the city.
Accordingly, the judgment of the Appellate Division should be reversed, with costs, and the petition dismissed.
Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Judgment reversed, etc.

. The exemption is for “the amount of the partner’s proportionate interest in the excess of the unincorporated business gross income over the deductions allowed under sections S46-6.0 and S46-8.0” (Administrative Code, § S46-9.0). Section S46-6.0 provides deductions for, inter alia, charitable contributions and net operating losses. Section S468.0 provides for some deductions not subject to allocation, such as for reasonable compensation for personal services with certain limitations, and depreciation of specified property.

. “[N]et income allocable to the city” (see Administrative Code, § S46-9.0) generally will be referred to as allocated net income throughout this opinion.