■ In the Matter of LeBoeuf, Lamb, Leiby & MacRae et al., Respondents, v Carol O'Cleireacain, as Commissioner of Finance of the City of New York, Appellant. In the Matter of Weil, Gotshal & Manges et al., Respondents, v Carol O'Cleireacain, as Commissioner of Finance of the City of New York, Appellant. [597 NYS2d 334] —Orders and judgments, Supreme Court, New York County (Jacqueline Silbermann, J.), entered April 22, 1992 and May 8, 1992, respectively, which, inter alia, granted petitioners' applications for redetermination of their Unincorporated Business Tax liability, unanimously affirmed, without costs.

New York City imposes a tax on unincorporated businesses, but avoids double taxation by permitting an exemption equal to amounts "included in [the] corporate partner's net income". (Administrative Code of City of NY § 11-510 [2].) Where a corporate partner pays all of its income out to its principals in salaries, it has no net income, yet a corporate business tax is nevertheless imposed by means of a formula whereby salaries, less a $15,000 statutory exclusion, are "added back" to income. To the extent that a corporate partner will be subject to general corporate tax based upon this alternative tax calculation, we believe that it accords with the purpose of the statute to permit a corresponding exemption from the Unincorporated Business Tax, so as to avoid double taxation (Matter of Richmond Constructors v Tishelman, 61 NY2d 1). The statute, which does not define amounts "included in * * * net income", is properly interpreted as taking into account those amounts "added back" to the corporate partners' income for the purpose of computing an alternate corporate tax base.

Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Nardelli, JJ.