OPINION OF THE COURT
Ciparick, J.
In both of these CPLR article 78 proceedings brought by law firms, some of whose partners are professional corporations, the issue presented involves the computation of the exemption allowed by Administrative Code of the City of New York § 11-510 (2).
I.
Weil, Gotshal & Manges and LeBoeuf, Lamb, Leiby & MacRae are partnerships engaged in the practice of law in New York City and as such are subject to taxation under the Unincorporated Business Income Tax (UBT) (Administrative Code § 11-501 et seq.). Some of the law firms’ partners are professional corporations for the tax years ending January 31, 1984 and January 31, 1985 and December 31, 1983 and December 31, 1984 respectively. These corporate partners were likewise subject to tax on their income under the General Corporation Tax (GCT) (Administrative Code § 11-602 et seq.).
*594 In computing the UBT liability for the years in question, the law firms took an exemption pursuant to Administrative Code § 11-510 (2), based on an alternative used in determining GCT liability which created the greater net income base, i.e., the higher tax for GCT purposes and the lower UBT. The City maintained that the alternative was unavailable to the taxpayers and only the formula which computes the GCT on the corporation’s entire income, could be used in computing the exemption under section 11-510 (2). The City issued deficiencies recomputing the tax based on the use of this entire income formula. The law firms unsuccessfully petitioned for a redetermination of deficiencies.
To resolve the conflict over the proper interpretation of Administrative Code § 11-510 (2), each firm commenced an article 78 proceeding. In the decisions from which the City appeals, both Supreme Court and the Appellate Division held that the City’s interpretation of Administrative Code § 11-510 (2)[1] as set forth in Unincorporated Business Tax Regulation § 9-2 (c) (4),[2] was erroneous. The Appellate Division granted the City’s motion for leave to appeal to this Court and certified the following question: "Was the order of the Supreme Court, as affirmed by this Court, properly made?”
II.
By imposing both a corporate income tax (GCT) on the net business income of corporations and a tax on the net business income earned by unincorporated entities (UBT), the City proposed to obtain revenue from business activities which *595 would otherwise escape taxation because of their noncorporate nature. Thus, here, the law firm partners that incorporated became subject to the GCT, the partnerships remaining subject to the UBT but entitled to reduce their UBT income to avoid double taxation pursuant to the exemption provision under section 11-510 (2).
The sole issue here is how to calculate the partnerships’ exemption under the UBT for that portion of their income that becomes subject to taxation as corporate income under the GCT once that income is distributed to the individual incorporated partners. The City argues that the exemption should be calculated as entire net income of the corporations, while the partnerships contend that they should be allowed to use an alternative method of calculating the net income. The alternative method results in a higher tax liability for the incorporated partner under the GCT but, accordingly, also results in a greater exemption for the partnership under the UBT. More significantly, the City requires the incorporated partner to use the alternative method in calculating GCT liability. Thus, the partnerships are seeking to exempt from their UBT liability the amount of income actually subject to the GCT for each partner. The City’s. interpretation, on the other hand, requires that the higher amount (the alternative method) be used by a partner when figuring GCT liability and the lower amount (the entire net income method) be used by the partnership when calculating its UBT exemption. The partnerships contend that the City’s interpretation results in double taxation because the amount subject to taxation under the GCT is not fully excludable under the UBT. Specifically, any dollar subject to GCT taxation but not excludable from UBT taxation is being taxed twice, the law firms contend— once as corporate income to the individual partner and again as unexcluded partnership income for the law firm.
The courts below found that the City’s interpretation of this exemption provision and its regulation interpreting the statute is erroneous and results in double taxation. We agree. The Appellate Division found that to the extent that a corporate partner is subject to tax based upon the alternative tax calculation, it accords with the purpose of the statute to permit a corresponding exemption from the UBT, so as to avoid double taxation, citing this Court’s decision in Matter of Richmond Constructors v Tishelman (61 NY2d 1). Although the alternative method of determining income for GCT purposes was not at issue in that case, it did, however, stand for *596 the principle that the UBT’s exemption provisions should be construed in a way that avoids double taxation under the UBT and GCT.[3]
Furthermore, the plain language of the statute and the legislative history which preceded its enactment further support petitioner’s position that the purpose of the statute was to reach only income not taxed under the GCT and was not intended to tax the same business income twice. It thus appears clear that the UBT is intended to apply only where the GCT does not (see, Bill Jacket, L 1939, ch 408, as it relates to the State UBT, the model to the present City UBT exemption statute).
We find persuasive the New York State Tax Commission decision of Matter of M.L. Weiss & Co. (TSB-H-87-[5]-I) which interpreted the same exemption language by the State Tax Commission specifically finding that double taxation would frustrate the intent of the statute.
Since we find the regulation at issue in clear conflict with the conceded legislative intent, we need not reach the question of deference.
Accordingly, in each proceeding the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
In each case: Order affirmed, etc.

. Administrative Code § 11-510 (2) provides: "if a partner in an unincorporated business is taxable under this chapter or under any local law imposed pursuant to section one of chapter seven hundred seventy-two of the laws of nineteen hundred sixty-six, an exemption for the amount of the partner’s proportionate interest in the excess of the unincorporated business gross income over the deductions allowed under sections 11-507 and 11-509 of this chapter, but this exemption shall be limited to the amount which is included in the partner’s unincorporated business taxable income allocable to the city, or included in a corporate partner’s net income allocable to the city.”

. The City’s regulation interpreting the statute, section 9-2 (c) (4) (codified at 19 RCNY 28-09 [b] [3] [iv]), states: "The additional exemption allowed an unincorporated business with respect to a corporate partner is limited to the corporate partner’s net income allocable to the City even though the corporate partner does not pay a New York City general corporation tax measured by allocated net income because one of the alternative measures of the general corporation tax produces a higher tax.”

. Notably, the City shifted its position in 1985, when it promulgated the regulation at issue. Prior thereto, the City’s position was consistent with that of petitioners herein (see, Mem of Commissioner of Finance Harry S. Tishelman, dated Apr. 7, 1980).