■ In the Matter of GREEN ISLAND ASSOCIATES, Petitioner, v ADIRONDACK PARK AGENCY, Respondent.—Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Warren

County) to review a determination of respondent which denied petitioner's request for approval of a construction project in Warren County.

In 1982, respondent conditionally approved petitioner's application for two projects on the Sagamore Hotel property in the Town of Bolton, Warren County. At issue here is the second of these projects (hereinafter the project), which was scheduled to begin in 1987 and includes the construction of condominiums on both the east and west sides of Federal Hill Road. Since the detailed plans subsequently submitted by petitioner materially differed from those originally conditionally approved, respondent treated them as a new project and completed a new environmental impact statement. Following the public hearing required by Executive Law § 809 (3) (d), the record was kept open for a week to receive additional information. Respondent's operations committee rejected the hearing staff's recommendation to approve the project and grant a construction permit; respondent disapproved the project. Petitioner's request for reconsideration was denied. Respondent answered the petition in this CPLR article 78 proceeding and Supreme Court transferred the matter to this court.

Petitioner maintains that respondent's decision is not supported by substantial evidence and, further, that respondent violated its own regulations in that petitioner was not accorded an opportunity to comment, as mandated by 9 NYCRR 580.18 (a), on the completeness of the verbal summary of the public hearing record prepared by respondent's staff and upon a written staff memorandum dated September 14, 1989 used by respondent in determining whether to accede to petitioner's request to reconsider its decision or, alternatively, to reopen the record; as to the latter, petitioner sought to augment the record in those areas where respondent's members had apparently expressed concern about its adequacy.

A premise underlying petitioner's claim is that substantial evidence is lacking because only nine of the 96 findings of fact contained in respondent's order denying the permit differ from the 95 findings of fact contained in the hearing staff's draft order, which recommended granting the permit. As long as there is evidentiary support in the record, however, respondent, being the final decisionmaker, has the authority to reject the findings of fact and recommendation of its hearing staff *(see, Matter of Pelham v White,* 166 AD2d 824, 826; *Matter of Woman's Christian Assn. v Axelrod,* 166 AD2d 784, 786; *see also, Matter of Wiggins v Board of Educ.,* 60 NY2d 385, 388). As for the additional evidence proffered by petitioner with its

request for reconsideration, that evidence is irrelevant because the offer was made after the hearing record had been closed (see, *Matter of Richland Acres Dev. Corp. v Adirondack Park Agency,* 161 AD2d 1011, 1013).

The fact that the great bulk of the findings made by respondent are virtually identical to those of its staff does not require concluding, as petitioner urges, that respondent acted irrationally or arbitrarily because it rejected the staff's recommendation. The findings made by respondent which differ from those made by the staff are significant, for when they are combined with the reasonable inference drawn therefrom they provide a sufficient basis for respondent's determination that it could not make the statutory finding necessary to approve petitioner's project (see, Executive Law § 809 [9]).

Among these findings are Nos. 88 and 94, both of which have ample support in the record. Finding No. 88, that the project requires a high degree of engineering and that improper management or equipment failure would adversely impact the groundwater and surface water resources, is based on record evidence that daily operation of the recharge fields would require an "aggressive operation and maintenance schedule" and daily monitoring. As a result, respondent fairly concluded that the record did not allow it to find that the project would not have an undue adverse impact upon the natural, scenic, ecological or wildlife resources of the Adirondack Park.

With respect to finding No. 94, the record indicates that the Office of Parks, Recreation and Historic Preservation had not made its required determination regarding the project's impact on historic preservation (see, PRHPL 14.09). This justifies the conclusion that respondent is unable to determine, as required by Executive Law § 809 (9), that the project will not adversely impact the Adirondack Park's historic resources. As for the contention that specific findings adverted to by petitioner (e.g., Nos. 70, 73, 89 and 93) are illustrative of the conclusory and unsupported nature of the findings underlying respondent's determination, our examination of the record leads us to conclude they are amply supported by record evidence.

Nevertheless, because respondent violated 9 NYCRR 580.18 (a) by refusing petitioner the opportunity to prepare written comments regarding the completeness of the oral summary of the record presented to respondent by a staff member immediately prior to respondent's determination, remittal for further

proceedings is in order *(see, Matter of Era Steel Constr. Corp. v Egan,* 145 AD2d 795, 799). It is provided that "agency staff may summarize the record of any hearing for the aid of the agency[, but] [t]he parties participating in the hearing shall be provided an opportunity to make written comment with respect to the completeness of the summary" (9 NYCRR 580.18 [a]). According to respondent, this regulation is meant to apply only to *written* summaries of the record given by the *hearing* staff. While we recognize that "the construction given * * * regulations by the agency * * * if not irrational or unreasonable, should be upheld" *(Matter of Howard v Wyman,* 28 NY2d 434, 438), respondent's interpretation is at variance with the plain language of the regulation *(see,* 2 NY Jur 2d, Construction and Interpretation of Rules, § 105, at 159). As written, the regulation unambiguously affords petitioner the opportunity to make written comment regardless of whether the hearing record summary was oral or written, or provided by hearing staff or other staff *(see, Matter of Richmond Constructors v Tishelman,* 61 NY2d 1, 6; *Feickert v McGoldrick,* 119 NYS2d 301, 304; *cf., Bolton v Adirondack Park Agency,* 128 Misc 2d 59, 65). The September 14, 1989 staff memorandum does not, however, come within the purview of 9 NYCRR 580.18 (a). The primary purpose of this memorandum is to evaluate the information contained in the public hearing record in order to advise respondent whether to reopen the hearing; as such, it constitutes "aid and advice" permitted by 9 NYCRR 580.18 (b) without requiring that written comment be afforded.

Mahoney, P. J., Mikoll, Mercure and Harvey, JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to respondent for further proceedings not inconsistent with this court's decision.