■ In the Matter of JORY LOWRENCE, Also Known as YA'QUB SHAMSID-DEEN, Petitioner, v LOUIS F. MANN, as Superintendent of the Shawangunk Correctional Facility, Respondent.— Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On September 14, 1990, a number of inmates at Shawangunk Correctional Facility in Ulster County, including petitioner, were involved in an altercation in the courtyard of B-2 housing. As a result of this incident, petitioner was served with a misbehavior report charging him with violating institutional rules against fighting, disobeying a direct order and possession of a weapon. The report, authored by Correction Officer Leroy Jewtraw, alleged that petitioner was jabbing at another inmate with a "pointed broken broom handle" and only stopped fighting after given a second command to do so. Petitioner pleaded not guilty to the charges. At the disciplinary hearing, petitioner contended that he was not the aggressor and that he was defending himself at the time of the fight. Petitioner also complained that correction officers took a very long time to respond to the incident. At the conclusion of the proceedings, the Hearing Officer found petitioner guilty of all three charges. Petitioner was sentenced to 30 days' confinement in a special housing unit and 30 days' loss of various privileges. Petitioner's administrative appeal was denied and he thereafter commenced this CPLR article 78 proceeding seeking to annul the determination. Pursuant to CPLR 7804 (g), Supreme Court transferred the proceeding to this Court.

We confirm. In our view, substantial evidence was presented to support the determination. Significantly, petitioner concentrated his arguments on the essentially irrelevant issue of the adequacy of the correction officers' response time to the fight. In contrast, petitioner offered very little proof regarding the incident itself other than testimony that he did not have a broom handle and that he was not fighting. Two correction officers testified that they saw petitioner jabbing at another inmate with a broomstick. Although petitioner argues that the challenged decision should be annulled based upon evidence that he acted in self-defense, we conclude that the Hearing Officer's decision is supported by substantial evidence in this case. This is not to say that convincing proof of self-defense would not be considered sufficient to defeat charges of assault or fighting (see, e.g., Matter of Burgos v Coughlin, 108 AD2d 194, 198, lv denied 66 NY2d 603). Here, however, there was proof that could be taken on both sides of the issue creating a credibility question for the Hearing Officer to resolve. Notably, the Hearing Officer did not specifically find that petitioner acted in self-defense. He merely stated that he took the evidence presented to that effect into account in fixing the penalty (see, Matter of Huggins v Coughlin, 155 AD2d 844, 845, affd 76 NY2d 904). As for the charge of refusing to obey a direct order, we note that while there was some evidence presented that could have justified a finding by the Hearing Officer that petitioner did not obey the first order because he did not hear it, there was also testimony to the effect that one of the other inmates present in the yard at the time of the incident did respond to the order. Consequently, the Hearing Officer could draw the inference that petitioner deliberately chose not to obey the first order.

Next, we reject petitioner's claim that he was denied adequate employee assistance. According to petitioner, his assistant's refusal to give him certain documents combined with the failure to interview all of the potential witnesses resulted in prejudice to him by undercutting his defense of justification. Upon consideration of petitioner's arguments, we conclude that petitioner has not demonstrated "that the alleged inadequacies resulted in some prejudice to [him]" (Matter of Irby v Kelly, 161 AD2d 860, 861; see, Matter of Gonzalez v Mann, 186 AD2d 876). As previously mentioned, the pivotal point of concern at the hearing was not the response time of the correction officers to the scene but rather what transpired in the courtyard and why. The various documents requested by petitioner would not have added anything to that determi-

nation, nor would the documents have assisted in discovering whether the response of the guards was adequate. Moreover, on the basis of the sparse information given at the hearing by petitioner's witnesses, it is doubtful that interviewing the other inmates requested by petitioner would have been "necessary to investigate a particular factual claim" *(Matter of Smith v Coughlin,* 161 AD2d 1082, 1083).

The remaining contentions of petitioner have been examined and found to be unpersuasive. Petitioner's claim that the Hearing Officer was biased must fail because the record fails to contain proof "tending to show bias or that the outcome of the hearing flowed from the alleged bias" *(Matter of Machado v Leonardo,* 180 AD2d 936, 938). As for petitioner's assertion that he was improperly excluded from a portion of the hearing, we are similarly unconvinced. The record shows that the Hearing Officer tolerated petitioner's obstructive and interrupting behavior at the hearing for some time until he finally excluded him. Petitioner's exclusion was clearly designed to promote "institutional safety or correctional goals" (7 NYCRR 254.6 [b]) and factual support exists for the Hearing Officer's decision *(see, Matter of Dawes v Coughlin,* 176 AD2d 415, *lv denied* 79 NY2d 751).

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.