■ In the Matter of CALVIN JONES, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit for the New York State Department of Correctional Services, Respondent. [636 NYS2d 877] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was an inmate at Clinton Correctional Facility in Clinton County in January 1995 when, following a Superintendent's hearing, he was found guilty of committing an assault on a fellow inmate and of possessing a weapon. He was sentenced to 15 months in the special housing unit and to 15 months loss of good time.

In this proceeding petitioner contends, inter alia, that the determination of his guilt was not based upon substantial evidence. We disagree. Included in the evidence presented at the Superintendent's hearing was the testimony of two correction officers. The first, Gordon La Bonte, testified that he saw petitioner strike a fellow inmate in the face—an assault that resulted in a five-inch laceration running from the inmate's left ear to below the left corner of his mouth. It was La Bonte's opinion that the laceration had been caused by a sharp object such as a razor. A second correction officer, Brian Bezio, testified that he searched petitioner's cell after the assault and found a straight-edged razor blade concealed under petitioner's mattress. We find that the testimony of these two correction officers, buttressed by their written misbehavior reports, constituted substantial evidence supporting the determination of petitioner's guilt (see, People ex rel. Vega v Smith, 66 NY2d 130; Matter of Febre v Coughlin, 217 AD2d 732).

We reject petitioner's contention that 7 NYCRR 251-5.1 (b), which provides that, in general, disciplinary hearings must be completed within 14 days of the writing of a misbehavior report, was violated. The delay between the date of the misbehavior report, January 27, 1995, and the completion of petitioner's disciplinary hearing on February 21, 1995 was oc-

casioned by two adjournments which were granted to enable the presentation of certain witnesses. Extensions of a hearing beyond the 14-day limitation due to the need to interview multiple witnesses does not render a disciplinary hearing untimely (*see*, *Matter of Talley v Walker*, 203 AD2d 924, *lv denied* 84 NY2d 803, *cert denied* — US —, 115 S Ct 2008).

Petitioner's contention that his removal from the hearing room constituted an abuse of the Hearing Officer's discretion (*see*, 7 NYCRR 254.6 [b]) is similarly unavailing. Since petitioner's removal was caused by his own unruly conduct, the decision to remove him was well within the discretionary powers of the Hearing Officer (*see*, *Matter of Garcia v Coughlin*, 194 AD2d 896, 897; *Matter of Lowrence v Mann*, 189 AD2d 1036, 1038). Finally, we find that the record wholly fails to support petitioner's allegation that the Hearing Officer was biased against him (*see*, *Matter of Nieves v Coughlin*, 157 AD2d 943, 944).

Mercure, J. P., White, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.