■ In the Matter of RICHARD VALE, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, New York Department of Correction, Respondent. [651 NYS2d 628] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court, by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After a hearing, petitioner, a State prison inmate, was found guilty of conspiring to take over a prison facility and threatening violence. The finding of guilt was affirmed on administrative appeal, prompting petitioner to commence this proceeding to annul the determination. We find petitioner's claims unpersuasive and accordingly confirm.

Petitioner first argues that he was prejudiced when the Hearing Officer undertook an investigation in the middle of the

hearing by conferring with the writer of the misbehavior report prior to testimony being given. Initially, we note that petitioner failed to preserve this argument by not raising it at the hearing or on administrative review (*see, Matter of Crowley v O'Keefe,* 148 AD2d 816, *appeal dismissed* 74 NY2d 780, *lv denied* 74 NY2d 613). In any event, there is no evidence in the record to support this charge.

It is true, as petitioner points out, that a hearing is not to commence until 24 hours after an employee assistant has met with the accused inmate (7 NYCRR 254.6 [a]). Here, when petitioner objected to the hearing being held before he received his full 24 hours, the Hearing Officer immediately adjourned the matter and the hearing did not actually commence until after the appropriate time period had passed. We reject petitioner's contention that, because the hearing was initially scheduled to start within the 24-hour time period, the adjournment could not cure the defect. In our view, the Hearing Officer properly adjourned the hearing to afford petitioner the requisite amount of time to prepare his case (*see generally, Matter of Mabry v Coughlin,* 191 AD2 892; *Matter of Brown v Coughlin,* 165 AD2d 935). Moreover, no prejudice accrued to petitioner as a result of the adjournment (*see, Matter of Lowrence v Mann,* 189 AD2d 1036).

Finally, the misbehavior report, coupled with the hearing testimony, provide substantial evidence to support the determination of guilt (*see, Matter of Patsalos v Coombe,* 228 AD2d 984). Petitioner's remaining contentions have been examined and rejected as either unpreserved for review or lacking merit.

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.