■ In the Matter of MUJAHID FARID, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [653 NYS2d 715] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Contrary to petitioner's contention, there is substantial evidence to support the finding that he was guilty of refusing to obey a direct order and participating in a demonstration (*see, Matter of Jones v Selsky,* 223 AD2d 990). Adduced in evidence at the hearing was a misbehavior report of the correction officer whose direct order petitioner had refused to obey. This was corroborated by that officer's testimony as well as the testimony of another correction officer who witnessed the incident. According to the correction officers, a lock-in and work stoppage by the inmates was taking place when petitioner was ordered out of his cell to attend a program. By refusing to obey the order, petitioner was determined to be participating in the demonstration. To the extent that petitioner's version of the events differed, this simply raised questions of credibility which were for the Hearing Officer to resolve (*see, Matter of Ayala v Coombe,* 227 AD2d 752). In addition, although petitioner claims that he did not leave the cell because he feared for his safety, inmates are not free to choose which orders to obey and which to ignore (*see, Matter of Rivera v Smith,* 63 NY2d 501, 515).

As to petitioner's contention that the Hearing Officer erred in refusing to interview one of the witnesses requested by petitioner, the record supports the conclusion that this witness's testimony was not relevant or material (*see, Matter of Cowart v Pico,* 213 AD2d 853, 855, *lv denied* 85 NY2d 812). We have examined petitioner's remaining arguments, including his allegations of procedural error, and reject them as lacking in merit.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.