■ In the Matter of JOSEPH GARCIA, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, New York State Department of Correctional Services, Respondent. [656 NYS2d 951] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While an inmate at Southport Correctional Facility in Chemung County, petitioner was served with three misbehavior reports. In the first, he was charged with engaging in an unhygienic act and assaulting staff when he spit at a correction officer who brought him medications. In the second, he was charged with engaging in an unhygienic act and assaulting staff when he threw a liquid substance which smelled like urine at a correction officer, hitting him in the face and upper body. In the third, he was charged with refusing a direct order and possessing a weapon when he refused to come out of his cell to be moved, necessitating the use of chemical agents to remove him, or to drop a pen he had clenched in his hand in a menacing manner. Following a disciplinary hearing, petitioner was found guilty of all of the charges except for possessing a weapon.* He then commenced this CPLR article 78 proceeding contending, *inter alia*, that the determination is not supported by substantial evidence and that he was denied effective employee assistance.

Initially, we find that the misbehavior reports, coupled with the testimony of the correction officers who authored these reports and those who were present during the incidents in question, provide substantial evidence supporting the administrative determination. Although petitioner and seven inmate witnesses gave testimony contrary to that of the correction of-

---

* Petitioner pleaded guilty to refusing a direct order.

ficers, this conflicting testimony merely presented a question of credibility for the Hearing Officer to resolve (*see, Matter of Ayala v Coombe*, 227 AD2d 752).

Moreover, we reject petitioner's claim that he was denied effective employee assistance. Although petitioner maintains that his assistant failed to provide him with all of the documentation he requested, the assistant testified at the hearing that he provided petitioner with everything petitioner had asked for, including the use of force report. In view of this, as well as petitioner's failure to demonstrate that he was prejudiced by his assistant's alleged deficiencies, we find no merit to petitioner's claim (*see, Matter of Ventimiglia v Coombe*, 233 AD2d 610, 611; *Matter of Gonzalez v Mann*, 186 AD2d 876, 877). We have considered petitioner's remaining contentions, including his claim that the Hearing Officer was biased, and find them to be without merit.

Cardona, P. J., Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.