■ In the Matter of CHET WILKINSON, Petitioner, v PHILIP COOMBE, as Commissioner of the Department of Correctional Services, et al., Respondents. [664 NYS2d 273] —Peters, J.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was involved in a physical altercation with another inmate and was subsequently charged with violating prison disciplinary rules prohibiting inmates from fighting and assaulting one another. He pleaded guilty to the charge of fighting and, following a disciplinary hearing, was found guilty of both charges. The Hearing Officer imposed upon petitioner a penalty of, *inter alia*, 36 months in the special housing unit (hereinafter SHU) with loss of certain privileges and two years' loss of good time. Upon administrative appeal, the penalty was modified to the extent of reducing petitioner's confinement in SHU to 24 months. Petitioner commenced this CPLR article 78 proceeding challenging the administrative determination.

Initially, we find no merit to petitioner's claim that he was denied the right to employee assistance. Petitioner executed a waiver of assistance form prior to the hearing and confirmed to the Hearing Officer that he had waived this right (*see, Matter of McKenzie v Coombe*, 236 AD2d 652; *Matter of Contrera v Coombe*, 236 AD2d 661, 662). There is nothing in the record to suggest that petitioner was misled into waiving this right or that the waiver was not intelligently made.

Likewise, we reject petitioner's claim that the administrative determination is not supported by substantial evidence. The misbehavior report, together with the testimony of the correction officer who prepared it, indicate that petitioner was observed pinning the victim down and punching him. In addition, the victim's medical report reveals that the victim sustained numerous injuries following the altercation. This evidence, combined with petitioner's own testimony wherein he admitted to striking the victim, constitutes substantial evidence supporting the determination (*see, e.g., Matter of Singh v Coombe*, 239 AD2d 721).

Contrary to petitioner's claim, our review of the hearing transcript leads us to conclude that the Hearing Officer conducted the hearing in a fair and impartial manner (*see, Matter of Flynn v Coombe*, 239 AD2d 725, 726). In addition, we do not find that the penalty imposed as modified upon administrative appeal is so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of Killings v O'Keefe*, 238 AD2d 638, 639; *Matter of Collazo v Coombe*, 236 AD2d 654, 656). We have considered petitioner's remaining claims and find them to be unavailing.

Crew III, J. P., White, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.