■ In the Matter of Richard Hein, Petitioner, v Glenn S. Goord, as Commissioner of the Department of Correctional Services, Respondent. [671 NYS2d 198] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, commenced this proceeding seeking to challenge respondent's determination which found him guilty of violating the prison disciplinary rule prohibiting inmates from using controlled substances. The determination was based, in part, on the positive results of two urinalysis tests which evidenced the presence of cannabinoids and opiates in petitioner's urine. Although Supreme Court transferred this proceeding because a substantial evidence question was raised (see, CPLR 7804 [g]), petitioner has limited his arguments to this Court to alleged procedural errors which we will now address.

Contrary to petitioner's first contention, the hearing was commenced in accordance with 7 NYCRR 254.6 (a) as it began on January 23, 1997, more than 24 hours after petitioner's initial meeting with his employee assistant on January 21, 1997 (see, Matter of Murphy v Selsky, 239 AD2d 724). In any event, at petitioner's request the hearing was adjourned and did not reconvene until five days later, providing petitioner with an ample opportunity to prepare his defense (see, Matter

*of Vale v Selsky*, 234 AD2d 714). Next, based upon our review of the record, we are satisfied that the employee assistance rendered to petitioner was adequate in that he was provided with all of the documents he requested that were available and relevant to his case (*see, Matter of Wood v Selsky*, 240 AD2d 876). Petitioner's contention that an inadequate foundation was laid for the introduction of the urinalysis test results is belied by the record which reveals that the requirements of 7 NYCRR 1020.5 (a) (1) were met (*see, Matter of Lopez v Goord*, 242 AD2d 816). Moreover, the Hearing Officer was not required to consider petitioner's claim that his medications might have caused a false positive test result since such claim was made after the Hearing Officer rendered his determination (*see, Matter of Green Is. Assocs. v Adirondack Park Agency*, 178 AD2d 860). As to the remaining arguments advanced by petitioner, including that of Hearing Officer bias, we have examined same and find them to be without merit. Accordingly, we confirm.

Cardona, P. J., Mikoll, White, Yesawich Jr. and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.