■ In the Matter of MICHAEL A. Z. SHABAZZ, Also Known as MICHAEL HURLEY, Petitioner, v DONALD SELSKY, as Director of Punitive Segregation, Respondent. [681 NYS2d 864] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of violating prison disciplinary rules that prohibit making threats and committing an unhygienic act. Introduced into evidence at petitioner's disciplinary hearing was the misbehavior report, written by a correction officer who had witnessed the events in question. The report recited that an inmate porter had been walking down the corridor outside petitioner's cell, distributing hot water for mopping the floor. As the porter passed petitioner's cell, the latter told the porter that he was going "to get" him and then threw a cup of feces at him.

Petitioner challenges the determination of his guilt, contending, *inter alia*, that the representation provided by his employee assistant in preparing for his disciplinary hearing was inadequate. This contention is belied by the record which discloses that the employee assistant made a good-faith effort to comply with all of petitioner's requests for the production of documents and testimony to be presented at the hearing. In short, petitioner has failed to prove that the assistance he

received was inadequate or that his defense was prejudiced in any way thereby (*see, Matter of Rodriguez v Goord*, 250 AD2d 904, 905; *Matter of Garcia v Selsky*, 237 AD2d 826, 827). Petitioner's remaining assertions of procedural errors are either without merit or unpreserved for our review. As substantial evidence supports the determination of petitioner's guilt, it is confirmed (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966).

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.