■ In the Matter of JOHN GOLD, Appellant, v P. MASSE, as Hearing Officer, et al., Respondents. [681 NYS2d 913] —Crew III, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered April 14, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of harassment and making threats after he made certain gestures to two correction officers, who he subsequently threatened to kill. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 to challenge the underlying determination. Supreme Court dismissed the petition and this appeal ensued.

The various arguments raised by petitioner on appeal do not warrant extended discussion. Although petitioner's administrative hearing was commenced prematurely in violation of 7 NYCRR 254.6 (a), the hearing was immediately adjourned at petitioner's request and did not reconvene until four days later, thereby providing petitioner with ample opportunity to meet with his employee assistant and prepare his defense (*see, Matter of Vale v Selsky*, 234 AD2d 714, 715).

Nor are we persuaded that petitioner was deprived of effective employee assistance. Our review of the record discloses that petitioner indeed was provided with all relevant and available documents. Moreover, to the extent that any inadequacies did exist in the assistance rendered, petitioner has failed to demonstrate that he was prejudiced thereby (*see, Matter of Llull v Coombe*, 238 AD2d 761, 762, *lv denied* 90 NY2d 804).

Finally, we reject petitioner's contention that an apparent gap in the hearing transcript, which purportedly contained various procedural objections made by petitioner and a portion of his testimony, deprives this Court of meaningful appellate review of petitioner's claims. As a starting point, petitioner was given an opportunity at the conclusion of the hearing to summarize his various objections, thereby preserving his arguments for our review. Additionally, while it is true that a portion of petitioner's testimony is missing, it bears noting that petitioner does not argue on appeal that the underlying determination is not supported by substantial evidence and, accordingly, the missing testimony is not relevant to the issues before

us. "[W]here, as here, the alleged missing information is neither material to the determination nor of such significance as to preclude meaningful review", reversal is not warranted (*Matter of Rodriguez v Coughlin*, 167 AD2d 671). Petitioner's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.