■ In the Matter of BRIAN MOOLENAAR, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [697 NYS2d 734] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging the administrative determination finding him guilty of violating the prison disciplinary rules which prohibit inmates from possessing money, narcotic paraphernalia and an unauthorized identification card.* The matter was subsequently transferred to this Court and we confirm.

Initially, petitioner's plea of guilty to the charge of possession of unauthorized money precludes his challenge to the determination of his guilt on that charge as not supported by substantial evidence (*see, Matter of Talbot v Goord*, 257 AD2d 954). As for the remaining charges, the hearing evidence, including the testimony of the correction officer who searched petitioner's cell and found the money in petitioner's boot, 13 small glassine bags in an envelope and an extra identification card in petitioner's mattress, provided substantial evidence of petitioner's guilt (*see, Matter of Rodriguez v Coughlin*, 216 AD2d 617). Contrary to petitioner's contention, the Hearing Officer was not required to assess the credibility of the confidential information which prompted the cell search since it was not considered in determining petitioner's guilt (*see,*

---

* Petitioner was also charged with, and found not guilty of, possessing a weapon.

*Matter of Rivera v Goord*, 258 AD2d 793). Moreover, the fact that the Hearing Officer resolved credibility issues against petitioner was not indicative of bias (*see*, *Matter of Lawrence v Headley*, 257 AD2d 837).

Finally, we reject petitioner's claim that he received inadequate assistance. Petitioner executed a waiver of assistance form and confirmed the waiver at the commencement of the hearing (*see*, *Matter of Wilkinson v Coombe*, 242 AD2d 834). In any event, the record demonstrates that petitioner was provided with all the relevant and available documents that he requested (*see*, *Matter of Gold v Masse*, 256 AD2d 981, *lv denied* 93 NY2d 803).

Petitioner's remaining contentions, including his claim that he was denied the right to confront witnesses, have been examined and found to be without merit.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.