■ In the Matter of Luis Torres, Petitioner, v Glenn S. Goord, as Commissioner of the Department of Correctional Services, et al., Respondents. [703 NYS2d 291] —Mugglin, J.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was charged with and found guilty of a movement violation, refusing a direct order and committing an unhygienic act in violation of prison disciplinary rules.

According to the misbehavior report, upon being released from the shower room petitioner entered a vacant cell and threw an unknown liquid into an adjoining cell, which was occupied by another inmate. Refusing a correction officer's direct order to return to his cell, petitioner then reentered the vacant cell and again threw an unknown liquid into the adjoining cell. Following the determination of guilt and petitioner's unsuccessful administrative appeal therefrom, petitioner commenced this CPLR article 78 proceeding.

We confirm. In our view, the detailed misbehavior report, the confidential information and the remaining evidence presented at the hearing constitute substantial evidence to support the determination of petitioner's guilt (*see, Matter of Garcia v Selsky,* 237 AD2d 826). Contrary to petitioner's contention, a review of the information provided by the confidential sources reveals sufficient corroborating information upon which the Hearing Officer could base an independent reliability assessment (*see, Matter of Luxemburgo v Selsky,* 263 AD2d 742). Moreover, the Hearing Officer did not err in refusing to reveal the substance of the confidential information inasmuch as the record demonstrated that doing so would jeopardize institutional safety (*see, Matter of Bostic v Coughlin,* 216 AD2d 766).

Regarding petitioner's contention that his disciplinary hearing was not properly commenced in accordance with 7 NYCRR 254.6 (a), the record reveals that the hearing appropriately began at least 24 hours after the initial meeting between petitioner and his employee assistant (*see, Matter of Hein v Goord,* 249 AD2d 661). Finally, we find no support in the record for petitioner's vague and conclusory allegation that his employee assistant was inadequate (*see, Matter of Nance v Racette,* 182 AD2d 923, *lv denied* 80 NY2d 760).

Petitioner's remaining contentions are either unpreserved for our review or without merit.

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.