■ In the Matter of MILES WEST, Petitioner, v JOSEPH COSTELLO, as Superintendent of Mid-State Correctional Facil-

ity, et al., Respondents. [705 NYS2d 417] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with possessing a weapon and failing to comply with a direct order. Following a hearing, petitioner was found guilty of possessing a weapon and not guilty of failing to comply with a direct order. Upon the denial of his administrative appeal, petitioner commenced this proceeding to review the determination.

Petitioner's claim of inadequate prehearing assistance is unavailing. The record establishes that the assistant provided some of the requested documents and made a good-faith effort to obtain others (*see, Matter of Shabazz v Selsky*, 256 AD2d 815, *lv denied* 93 NY2d 815). The Hearing Officer acted diligently to cure some of the alleged deficiencies (*see, Matter of Bowers v Goord*, 264 AD2d 876) and, inasmuch as the employee witness testified at the hearing, petitioner was not prejudiced by the assistant's failure to interview the witness (*see, Matter of Dawes v Coughlin*, 217 AD2d 726, *lv denied* 86 NY2d 712). Petitioner was provided with meaningful assistance and has failed to demonstrate that his assistant's alleged inadequacies prejudiced his defense (*see, Matter of Greene v Coombe*, 242 AD2d 796, *lv denied* 91 NY2d 803).

Inasmuch as petitioner was already confined in the special housing unit on an unrelated matter, the seven-day rule for commencing the hearing was inapplicable (*see, Matter of Faison v Senkowski*, 256 AD2d 702, *appeal dismissed* 93 NY2d 870). Although the hearing was not completed within 14 days of the date of the misbehavior report, it was concluded pursuant to a valid extension granted when petitioner complained about the adequacy of his prehearing assistance and petitioner was not prejudiced by the delay (*see, Matter of Guerrero v Coombe*, 239 AD2d 676). With regard to the absence from the misbehavior report of an endorsement of the other correction officer who witnessed the search of petitioner's cell and discovery of the weapon, petitioner has shown no prejudice as a result of the omission (*see, Matter of Parker v Laundree*, 234 AD2d 727). We have considered petitioner's other claims, including Hearing Officer bias, and find them lacking in merit. Inasmuch as the determination is supported by substantial evidence, it must be confirmed.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.