■ In the Matter of MICHAEL FREEMAN, Petitioner, v DONALD SELSKY, as Director of the Inmate Special Housing Unit, Respondent. [727 NYS2d 360] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule that prohibits the unauthorized use of controlled substances after two urinalysis tests were positive for the presence of cannibinoids. He contends that the determination of his guilt was not supported by substantial evidence because the chain of custody of his urine samples was never established. There is, however, no support in the record for this claim. Testimony elicited from the correction officers who conducted the urinalysis tests showed that they adhered to the regulations and procedures governing urinalysis tests and the handling of urine samples (see, Matter of Torres v Selsky, 223 AD2d 889). Therefore, we conclude that substantial evidence supports the determination of petitioner's guilt (see, Matter of Allen v Goord, 240 AD2d 832).

Next, we are unpersuaded by petitioner's contention that he was denied employee assistance. Notably, he executed a waiver of assistance form and confirmed that he did so at the commencement of the hearing (see, Matter of Moolenaar v Goord, 266 AD2d 625, appeal dismissed 94 NY2d 900). In any event, the record demonstrates that the Hearing Officer provided petitioner with all relevant documents and witnesses.

Petitioner's remaining arguments have been examined and found to be without merit.

Cardona, P. J., Peters, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.