■ In the Matter of JOSEPH TRUMAN, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [907 NYS2d 343]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After refusing a correction officer's directive to terminate a telephone call, petitioner became verbally abusive toward her and took a fighting stance. When another correction officer intervened, petitioner punched him in the face. The officer proceeded to take petitioner to the ground and, with the assistance of a correction counselor, placed him in mechanical restraints. During this time, petitioner continued to struggle and use obscene language. As a result, he was charged in a misbehavior report with assaulting staff, refusing a direct order, engaging in violent conduct, interfering with an employee and harassment. A short time later, petitioner was strip frisked and a sharpened piece of metal wrapped in duct tape with a white string was found in his left sock. Consequently, he was charged in a second misbehavior report with smuggling and possessing contraband. A tier III disciplinary hearing was subsequently conducted on the charges contained in both misbehavior reports

and petitioner was found guilty of all charges. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior reports and related documentation provide substantial evidence supporting the determination of guilt (*see Matter of Cespedes v New York State Dept. of Correctional Servs.*, 68 AD3d 1429, 1430 [2009]; *Matter of Kimble v Fischer*, 56 AD3d 879, 880 [2008]). The contrary testimony of petitioner and his inmate witnesses presented a credibility issue for the Hearing Officer to resolve (*see Matter of Dozier v Selsky*, 54 AD3d 1074, 1075 [2008]). Moreover, although petitioner asserts that he was denied employee assistance, he signed a document waiving this right (*see Matter of Freeman v Selsky*, 285 AD2d 885 [2001]; *Matter of Wilkinson v Coombe*, 242 AD2d 834, 835 [1997]). To the extent that he claims that he did not know what he was waiving, the Hearing Officer remedied any deficiencies by offering to provide him with whatever he would have requested from an assistant. Petitioner, however, only requested witnesses and, with the exception of one who refused to testify, they testified in his defense. Therefore, petitioner has not demonstrated that he was prejudiced (*see Matter of Liner v Fischer*, 56 AD3d 1088, 1088 [2008], *lv denied* 12 NY3d 703 [2009]; *Matter of Martino v Goord*, 38 AD3d 958, 959 [2007]). Lastly, the record does not substantiate petitioner's assertion that the Hearing Officer was biased nor does it indicate that the determination at issue flowed from any alleged bias (*see Matter of Cannon v Fischer*, 62 AD3d 1109 [2009]; *Matter of Jenkins v Selsky*, 51 AD3d 1239, 1240 [2008]).

Peters, J.P., Lahtinen, Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.