■ In the Matter of ROBERT H. PELHAM, Petitioner, v FRANKLIN E. WHITE, Respondent.—Levine, J. Proceeding pur-

suant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the Department of Transportation which found petitioner guilty of incompetently discharging his duties as a supervisor.

In November 1986, petitioner, a supervisor of approximately 40 employees in the graphic arts section of the Department of Transportation (hereinafter DOT), was served with disciplinary charges for incompetency in fulfilling his supervisory obligations and in protecting DOT from public embarrassment. Petitioner was later served with amended charges which included only two specifications of incompetency. The charges were preferred following a DOT investigation which revealed that, during the period from January to June 1985, certain employees under petitioner's supervision had been involved in the frequent use and sale of illegal drugs while at work.

Following a hearing, the Hearing Officer made various findings of fact and recommended that petitioner be found not guilty of the disciplinary charges against him. Upon administrative review, a Deputy Commissioner of DOT, on behalf of respondent, made new findings of fact, determined that petitioner was guilty of incompetence and imposed a penalty of demotion in grade with a corresponding decrease in salary. This CPLR article 78 proceeding followed and was transferred to this court.

Petitioner's initial contention is that respondent's authority to make a determination as to incompetence and penalty is nondelegable and that, therefore, the Deputy Commissioner's determination should be annulled. However, pursuant to Transportation Law § 16, respondent is able, "by official order filed with [DOT]", to delegate any of his powers or duties to any DOT deputy. In the absence of any claim by petitioner that a delegating order was not filed, we cannot conclude that the Deputy Commissioner's exercise of respondent's disciplinary function was inappropriate.

Petitioner next contends that the determination of the Deputy Commissioner is not supported by substantial evidence and that his rejection of the Hearing Officer's findings was an arbitrary and capricious action. We disagree. The hearing testimony established, *inter alia,* that drug usage was widespread in petitioner's section, that petitioner was at least somewhat aware of a possible drug problem and that he was specifically informed by one of his employees, Sandra Parker, that another employee had a drug problem and that drugs

were being sold at work. While petitioner testified that he requested more details from Parker and that she was unable to furnish such details, Parker's testimony indicated that petitioner did not ask for more specific information. Petitioner also testified that, after receiving the information from Parker he sought to investigate the matter by increasing his surveillance of his section and by questioning two of his immediate subordinates as to whether they knew of any drug-related activity. Upon his review of the hearing record, the Hearing Officer concluded that, although petitioner could have been more vigilant, his conduct did not amount to incompetence. However, the Deputy Commissioner found that, during the period at issue, petitioner's failure to adequately solicit information from Parker and to follow up on that discussion constituted incompetent supervision and management of his unit. In our view, this determination is supported by substantial evidence in the record and, therefore, it should be sustained *(see, Villanueva v Simpson,* 69 NY2d 1034, 1035; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179). Having concluded that the Deputy Commissioner's determination is supported by substantial evidence, we note that it was clearly within his authority to overrule the findings of fact and recommendation of the Hearing Officer *(see, Matter of Wiggins v Board of Educ.,* 60 NY2d 385, 388; *Matter of Simpson v Wolansky,* 38 NY2d 391, 394).

Petitioner's remaining point concerns the reasonableness of the penalty imposed. Petitioner contends that, in view of his 24-year unblemished record and the nature of his conduct, his penalty is excessive. We agree. The penalty imposed upon petitioner would result not only in a demotion in position, but also in a salary loss of roughly $11,000 per year and an attendant loss of retirement benefits. In light of all of the circumstances in this case, including the nonwillful nature of petitioner's conduct and the less severe penalties received by those DOT employees who admitted to using drugs, we find that petitioner's sanction is "so disproportionate to the offense as to be shocking to one's sense of fairness" *(Matter of Stolz v Board of Regents,* 4 AD2d 361, 364; *see, Kostika v Cuomo,* 41 NY2d 673, 676; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Gryska v Chemung County Elmira Sewer Dist.,* 149 AD2d 849, 850). Accordingly, the matter should be remitted for consideration of a new penalty.

Determination modified, without costs, by annulling so much thereof as imposed a penalty upon petitioner of demotion in title from a grade 23 to a grade 18; matter remitted to

the Department of Transportation for determination of a new penalty; and, as so modified, confirmed. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.