OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner, a New York City Police Officer, commenced this CPLR article 78 proceeding to annul and vacate respondents’ determination to deny line-of-duty designation for injuries she *1000 sustained while on duty. Petitioner injured her back when she slipped and fell on a wet bathroom floor at a police precinct. The police sergeant who investigated the accident the day it occurred recommended denial of the line-of-duty designation because he concluded that petitioner had been negligent in that she “failed to perceive the risk in treading on a [sic] obviously wet floor [and] [h]cr disregard for basic rules of safety.” An eyewitness confirmed the fall but did not indicate the condition of the floor. Subsequent to the sergeant’s recommendation, petitioner submitted a statement to the department that she "slipped in a puddle of water that was by the sink.” Thereafter, the department officially disapproved petitioner’s line-of-duty injury request. This determination disqualified petitioner from receiving payment of her hospital bills pursuant to Administrative Code of the City of New York § 12-127 (b). Supreme Court denied the petition to annul and vacate respondents’ determination. The Appellate Division affirmed.
Administrative Code § 12-127 (b) authorizes the City to pay the hospital bills of its uniformed forces “who, while in the actual performance of duty, and by reason of the performance of such duty and without fault or misconduct on his or her part, shall receive injuries to an extent which may endanger his or her life.” The paramount issue before this Court is whether respondents properly interpreted the "fault or misconduct” standard of section 12-127 (b) to include negligence, thereby prohibiting the payment of petitioner’s hospital expenses.
Petitioner contends that the “fault or misconduct” standard set forth in section 12-127 (b) refers not to mere negligence but rather to gross negligence or to acts that would result in the denial of benefits under the Workers’ Compensation Law. Respondents contend that petitioner seeks an interpretation of section 12-127 (b) that is inconsistent with its plain language.
Petitioner’s reliance upon the Workers’ Compensation Law is misplaced because it provides benefits "without regard to fault as a cause of the injury” (Workers’ Compensation Law § 10 [1]). Further, we reject the argument that fault under section 12-127 (b) would be equivalent to gross negligence. Such a construction is unsupported by either the plain meaning of fault or the legislative history. Accordingly, we conclude that it is proper to interpret the “fault or misconduct” standard set forth in Administrative Code § 12-127 (b) to include *1001 negligence. This interpretation is reasonable under the circumstances of this case.
Nor was respondents’ determination arbitrary, capricious or an abuse of discretion. In this regard, the court’s scope of review is limited to an assessment of whether there is a rational basis for the administrative determination without disturbing underlying factual determinations (Matter of Pell v Board of Educ., 34 NY2d 222, 230-231). "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts” (id., at 231).
Respondents’ met their burden of showing that petitioner was negligent. The determination that petitioner failed to avoid an obvious hazard is supported by her own statement that the water was a puddle in front of a sink. In addition, petitioner’s failure to allege any facts tending to show that her injuries were not due to any fault or misconduct on her part leaves the finding of negligence unrebutted. We note here that after the initial recommendation, petitioner’s request was subjected to five levels of internal review via an informal grievance procedure. At no time during that process did petitioner supplement her claim with information establishing that she was not negligent. Thus, there was a rational basis for respondents’ determination.
Petitioner’s remaining contentions lack merit.