■ In the Matter of EVERETT J. HITCHCOCK, Appellant, v CITY OF POUGHKEEPSIE, Respondent. [651 NYS2d 333] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated June 3, 1993, which denied, without a hearing, payment of certain medical expenses incurred after May 14, 1992, by the petitioner, a city firefighter, the petitioner appeals from an order of the Supreme Court, Dutchess County (Hillery, J.), dated October 12, 1995, which denied the petition and dismissed the proceeding. Justice Copertino has been substituted for the late Justice Hart *(see,* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

In July 1988 the petitioner, a firefighter employed by the respondent City of Poughkeepsie, suffered a heart attack while loading a firehose onto a fire truck. It was subsequently concluded that the petitioner was suffering from coronary artery disease and in December 1989 he was retired on "performance of duty disability retirement." On May 14, 1992, the

petitioner suffered a second heart attack after moving rocks at his house. The City of Poughkeepsie refused to pay for the medical bills relating to the second heart attack on the ground that it was not causally related to the 1988 heart attack, and the petitioner commenced this proceeding challenging that determination. The Supreme Court dismissed the petition finding that there was a rational basis for the City's determination. We agree.

Upon a review of the record, we find that the determination made by the City that the petitioner's 1992 heart attack was not related to or caused by a work-related injury or sickness resulting from the performance of his duties as a firefighter has a rational basis in the record and was not arbitrary or capricious (see, CPLR 7803 [3]; Matter of Pell v Board of Educ., 34 NY2d 222, 230-231; Matter of Heintz v Brown, 80 NY2d 998, 1001). Miller, J. P., Copertino, Altman and Krausman, JJ., concur.