In the Matter of RICHARD KREISLER, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [770 NYS2d 402]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority dated January 30, 2001, which, after a hearing, demoted the petitioner from his position as Manager/Superintendent of the Division of Security, the petitioner appeals from a judgment of the Supreme Court, Kings County (Knipel, J.), dated March 1, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was charged with various violations of the rules of the New York City Transit Authority (hereinafter the NYCTA), inter alia, for failing to take immediate action regarding an alleged incident of sexual harassment committed by a subordinate and for filing a false and misleading report regarding the alleged incident. The hearing officer upheld the charges

and imposed a penalty demoting the petitioner from his position as Manager/Superintendent of the Division of Security. Thereafter, the petitioner commenced the instant article 78 proceeding. The Supreme Court denied the petition and dismissed the proceeding.

An administrative determination such as the one in the instant case, cannot be disturbed unless it is arbitrary and capricious (*see* CPLR 7801, 7803 [3]; *Matter of Arrocha v Board of Educ. of City of N.Y.,* 93 NY2d 361, 363 [1999]; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 232 [1974]). Here, the Supreme Court correctly found that the hearing officer's determination was not arbitrary and capricious. Moreover, the penalty imposed was not "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Kelly v Safir,* 96 NY2d 32, 38 [2001] [internal quotation marks omitted]; *see Matter of Pell v Board of Educ., supra* at 237). In his capacity as Manager/ Superintendent of the Division of Security, the petitioner was held to the highest standards in terms of abiding by and implementing the NYCTA's rules, policies, and procedures. The alleged incident of sexual harassment occurred on September 20, 2000. The petitioner was advised of such incident on September 21, 2000. He waited until October 11, 2000, to complete a report to his superior. Significantly, in that report, he misstated that he had been informed of the alleged event "[a]pprox[imately] the first week in October 2000." In light of the petitioner's failure to take immediate action in response to the allegation of sexual harassment, his lack of candor, and his misrepresentation on the report, we cannot conclude that the penalty of demotion "shocks the judicial conscience" (*Matter of Winters v Board of Educ. of Lakeland Cent. School Dist.,* 99 NY2d 549, 550 [2002]; *Matter of Kelly v Safir, supra* at 39-40). Thus, we respectfully disagree with our dissenting colleagues' views that the penalty of demotion was excessive.

The petitioner's contention that the Supreme Court improperly relieved the NYCTA of its default is without merit. Altman, J.P., Townes and Rivera, JJ., concur.

H. Miller, J., concurs in part and dissents in part, and votes to modify the judgment, on the law, by deleting the provision thereof denying that branch of the petition which was to annul the penalty of demotion and substituting therefor a provision granting that branch of the petition and annulling the penalty of demotion, to remit the proceeding to the respondent for the imposition of a new penalty and for a determination of the back pay to which the petitioner is entitled, and to otherwise affirm the judgment, with the following memorandum in which

Luciano, J., joins: On September 20, 2000, a New York City Transit Authority (hereinafter NYCTA) employee allegedly violated the NYCTA's policy on sexual harassment by making an inappropriate gesture and remark regarding an unidentified female pedestrian. The next day, another NYCTA employee who witnessed the incident reported it to the petitioner. On October 11, 2000, the petitioner completed a report to his superior regarding the incident, in which he wrote, inter alia, that he had been informed of the event (the date of which was not recited) "[a]pprox[imately] the first week in October 2000." In a subsequent report, dated November 29, 2000, the petitioner wrote that he was informed of the September 20, 2000, incident the day after it occurred.

Early in 2001, the petitioner was disciplined for his alleged failure to take immediate action or to timely inform his superiors once he received a report regarding a possible violation of the agency's policy on sexual harassment. In addition, due to asserted differences in the petitioner's two written reports about the incident, the agency also charged that his October 11, 2000, report was false and misleading. The agency penalized the petitioner by demoting him to his previous title of Transit Property Protection Supervisor.

The petitioner pursued an administrative appeal. He argued that on September 22, 2000 (a Friday), he attended mandatory employee training. The following Monday, he allegedly was injured, which caused him to be incapacitated and required medication. The petitioner returned to work on October 2, 2000; on that date, the employee who allegedly violated the NYCTA's sexual harassment policy was not at work. On October 3, 2000, the petitioner went to that employee's post, and observed no inappropriate behavior. The next day, the petitioner was informed that his superior was taking over the investigation. Based on the foregoing, as well as alleged marital difficulties, the petitioner claimed that his response was timely and appropriate under the circumstances.

Regarding his October 11, 2000, report, the petitioner argued that he was asked to write it on that date. He claimed that he was not prepared to do so, because he had been relieved of the investigation, and had no documents to consult.

The petitioner was unsuccessful with his administrative appeal. He then commenced the instant proceeding to annul the NYCTA's determination. The NYCTA did not appear for the argument on the petition, and the Supreme Court granted it on default. On the NYCTA's subsequent motion, the Supreme Court vacated the default. Thereafter, the Supreme Court denied the petition and dismissed the proceeding.

I agree with the majority that the Supreme Court providently exercised its discretion in relieving the NYCTA of its default. I further agree that the NYCTA's determination that the petitioner was guilty of the cited charges was not arbitrary and capricious. However, in my view, under the circumstances of this case, the penalty of demotion was excessive. The petitioner had been employed by the NYCTA for approximately 16 years at the time of the disciplinary determination, had been promoted twice, and, save for the charges involved at bar, had no disciplinary record. In addition, the petitioner claimed without contradiction that the demotion has caused him to lose $9,000 in annual salary, as well as to lose seniority, resulting in severe financial and other strains on his family. On this record, the penalty is "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233 [1974] [internal quotation marks omitted]; *see Matter of Kelly v Safir,* 96 NY2d 32 [2001]; *Matter of Pelham v White,* 166 AD2d 824 [1990]).