In the Matter of 1354 BROADWAY REALTY CORP., Respondent, v CITY OF NEW YORK DEPARTMENT OF HEALTH AND MENTAL HYGIENE et al., Appellants. [866 NYS2d 344]—

In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the City of New York Department of Health and Mental Hygiene and the City of New York Department of Finance dated April 11, 2007, charging the petitioner the sum of $6,414.48, excluding interest, for nuisance abatement services, the appeal is from a judgment of the Supreme Court, Kings County (Solomon, J.), dated November 1, 2007, which granted the petition, annulled the determination, and directed the City of New York Department of Health and Mental Hygiene and the City of New York Department of Finance to remove the charges.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed.

The appellants' imposition of charges upon the petitioner for nuisance abatement services performed at premises owned by the petitioner and located at 1354 Broadway in Brooklyn, described as Block 1479, Lot 20, was not arbitrary, capricious, or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Heintz v Brown,* 80 NY2d 998, 1001 [1992]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 230-231 [1974]; *Matter of Kreisler v New York City Tr. Auth.,* 2 AD3d 856 [2003]). A rational basis existed for such charges, as the petitioner does not dispute that it received an order from the appellant City of New York Department of Health and Mental Hygiene (hereinafter DHMH) informing it that an inspection by DHMH revealed a nuisance, and that it made no attempt to abate the nuisance within five days of receiving the order. The petitioner's contention that the DHMH order actually referenced an adjacent property not owned by it has no support in the record. Rather, the record demonstrates that the job ticket number which the DHMH order references correctly described the property owned

by the petitioner. Accordingly, DHMH's determination to charge the petitioner for the nuisance abatement services was rational, and should not have been disturbed (*see* CPLR 7803 [3]; *Matter of Heintz v Brown*, 80 NY2d at 1001; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 230-231; *Matter of Kreisler v New York City Tr. Auth.*, 2 AD3d 856 [2003]). Fisher, J.P., Covello, McCarthy and Leventhal, JJ., concur.