*548 OPINION OF THE COURT
Karen B. Rothenberg, J.
Petitioner Darin E McAtee moves pursuant to CPLR article 78 to annul a determination of the New York City Environmental Control Board (ECB) Motions and Appeals Unit, dated November 18, 2010, which upheld a prior ECB order finding that petitioner violated Administrative Code of the City of New York § 28-404.1 and imposing a fine in the amount of $4,800.
On May 20, 2009, petitioner, an attorney, hired a window washing company, Elite Service Group, to wash the windows of his single-family townhouse at 275 State Street, Brooklyn. It is uncontroverted that petitioner did not control or supervise Elite’s performance of the service. As it happened, a New York City building inspector, Joe Cobian, observed the window washer utilize a rope to repel himself down the side of the building. When the worker could not produce a rigger’s license, the inspector asked for the identity of his employer, which the worker refused to divulge. The inspector, then issued a notice of violation (NOV) No. 034765412M to petitioner, charging a violation of Administrative Code § 28-404.1. That section, in pertinent part, states that “[i]t shall be unlawful to hoist or lower any article on the outside of any building in the city unless such work is performed by or under the direct and continuing supervision of a person licensed as a rigger under the provisions of this article.” Elite was not issued a violation (although it should be noted the inspector confirmed in his testimony at the arbitration that he told petitioner that once petitioner provided the name of the window washing company, which he did later that day, that name would be substituted on the NOV), is not a party to this action, and apparently does not hold a rigger’s license.
Petitioner asserts that he is entitled to judgment pursuant to CPLR article 78 on the grounds that the final determination of the respondent, ECB was arbitrary and capricious or an abuse of discretion, and that it violated his constitutional right to due process as Administrative Code § 28-404.1 is vague as applied to nonsupervisory homeowners.
First, petitioner argues that Administrative Code § 28-404.1 fails to provide constitutionally adequate notice that a property owner who is not personally engaged in hoisting or lowering can be held liable as the provision fails to mention any application *549 to property owners. Second, the petitioner points out that Administrative Code § 28-404.1 is found in chapter 4 which is titled “Licensing and Registration of Businesses, Trades and Occupations Engaged in Building Work.” Thus petitioner contends the application of chapter 4 is restricted. Finally, petitioner argues that the ECB committed an error of law by ignoring New York Labor Law which preempts any local law regarding window washers.
Respondent seeks to transfer this matter to the Appellate Division pursuant to CPLR 7804 (g), as it argues this matter requires a substantial evidence analysis. In addition, respondent claims that their determination is based upon a rational interpretation and application of the Administrative Code. Lastly, the respondent argues that the petitioner’s preemption argument fails as the state’s Labor Law does not apply to this premise.
In the first instance, CPLR 7804 (g) requires that the Supreme Court transfer to the Appellate Division cases where there is a question of whether the agency decision is supported by substantial evidence (see Matter of Verdell v Lincoln Amsterdam House, Inc., 27 AD3d 388 [2006]). However, the Supreme Court shall “first dispose of such other objections as could terminate the proceeding” (Matter of Save Easton Envt. v Marsh, 213 AD2d 961, 962-963 [1995]). Here, there is no substantial evidence question as the facts are not in controversy and the only question is whether the agency exercised its authority in an arbitrary and capricious manner. Thus, a transfer to the Appellate Division is not warranted.
In a proceeding seeking judicial review of an administrative action, “the court’s scope of review is limited to an assessment of whether there is a rational basis for the administrative determination without disturbing underlying factual determinations” (Matter of Heintz v Brown, 80 NY2d 998, 1001 [1992]). Where the agency arrives at a conclusion, “acting pursuant to its authority and within the orbit of its expertise, [it] is entitled to deference.” (Partnership 92 LP v State Div. of Hous. & Community Renewal, 46 AD3d 425, 428 [2007], affd 11 NY3d 859 [2008].) Thus, the only issue before the court is whether the ECB acted irrationally or in an arbitrary and capricious manner in determining that the owner of a single-family home, who did not hoist or lower, nor control, direct or supervise an independent contractor in the performance of window washing services, can be held liable under Administrative Code § 28-404.1.
*550 The interpretation of a statute or rule by an administrative agency is entitled to judicial deference if “the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom” (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980]). However, “[w]here . . . the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency” (Kurcsics v Merchants Mut. Ins. Co. at 459). Here, no expertise or competency is required to interpret the words of section 28-404.1, and based upon the plain meaning of its language the owner of a home falls outside the scope of the provision. “When the language of a statute is unambiguous, judicial inquiry is complete” (Marvel Characters, Inc. v Simon, 310 F3d 280, 290 [2002] [internal quotation marks omitted]). It is clear, the language of this section does not have a single term or word that would be generally understood to encompass the homeowner who employs a construction worker or window washer and has no control over the means or methods of their work.
The respondent argues that even if the word “owner” is not present in Administrative Code § 28-404.1, another section of the code, specifically section 28-301.1, makes property owners responsible, at all times, for maintenance of his/her premises in a safe and code compliant manner. However, the petitioner herein was never issued a violation of that Administrative Code section, and therefore the language of that provision is irrelevant. The regulation cited as having been violated, entitled “Rigger license required” is located in chapter 4 of title 28 which is entitled “Licensing and Registration of Businesses, Trades and Occupations Engaged in Building Work.” Neither these titles, nor the language of the regulation itself provides sufficient notice to owners of single-family homes that they may incur liability.
The Legislature certainly has the power, and the authority to enact burden shifting legislation for what it determines to be the health and safety of workers engaged in dangerous occupations, however, this diminutive provision buried in the depths of the New York City Construction Codes does not, by its language, apply to a homeowner, nor does it provide adequate notice that they may be subject to penalty (see generally People v Stuart, 100 NY2d 412 [2003]).
*551 Based on the foregoing, the court finds that the ECB’s determination that petitioner violated Administrative Code § 28-404.1 and fining him $4,800 had no rational basis and was arbitrary and capricious.
Accordingly, it is hereby ordered and adjudged that the petition of Darin E McAtee, for an order and judgment pursuant to CFLR article 78 annulling the determination of respondent ECB, is granted in its entirety; and it is further ordered that the determination of the ECB Motions and Appeals Unit dated November 18, 2010 and the determination of the Administrative Law Judge dated June 25, 2010 upon which it was based are vacated, and it is further ordered that notice of violation No. 034765412M is dismissed, and it is further ordered that the respondent is directed to refund to petitioner herein the penalty paid of $4,800 within 15 days of service of this order with notice of entry.