| Thomas v Caban |
|:---:|
| 2025 NY Slip Op 31785(U) |
| May 16, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 161990/2023 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. NICHOLAS W. MOYNE**                  PART                41M

*Justice*

-----------------------------------------------------------------------------X

DEVON THOMAS,                                          INDEX NO.          161990/2023

Petitioner,                                            MOTION DATE        12/11/2023

- v -                                                 MOTION SEQ. NO.        001

EDWARD A CABAN, NICOLE BERKOVICH, NEW YORK
CITY POLICE DEPARTMENT, NEW YORK CITY POLICE           **DECISION + ORDER ON**
DEPARTMENT LICENSE DIVISION                                     **MOTION**

Respondent.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 10, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35

were read on this motion to/for              ARGUMENT 78 (BODY OR OFFICER)              .

Upon the foregoing documents, it is

The petitioner, pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR"), is seeking an order annulling a determination by the New York City Police Department's ("NYPD") License Division, that denied the petitioner's application for a Carry Guard handgun license.  The NYPD License Division denied the petitioner's application after its investigation revealed the petitioner's past criminal history and documented what the NYPD believes is a pattern of failing to follow License Division Rules.  The petitioner believes this determination was arbitrary and capricious and contrary to law.  He asks this court to annul the determination and direct NYPD to issue him the requested license.  For the reasons set froth below, the petition is denied.

In order to ensure the safety of the general public, all firearm licensees must meet certain requirements in order to obtain a Carry Guard handgun license, more accurately referred to as a concealed carry license.   One of the requirements is that the applicant demonstrate that he or she is of "of good moral character." Penal Law § 400.00(1).[1]  Pursuant to 38 RCNY § 5-10, the NYPD may deny an applicant a handgun license where it is determined that an applicant lacks good moral character, pursuant to Penal Law § 400.00(1). Title 38 RCNY § 5-10 provides a list of factors that shall be considered in the determination of whether an applicant lacks good moral character, including the applicant has been arrested, the applicant is subject to an order of protection, the applicant failed to comply with Police Department rules governing possession and

---

[1] Penal Law § 400.00(1) was amended on July 1, 2022 to define "good moral character" as having "the essential character, temperament, and judgment necessary to be entrusted with a weapon and to use it only in a manner that does not endanger oneself or others." Penal Law § 400.00(1), as amended by Ch. 212, 2022 N.Y. Laws Section 1, effective Sep. 4, 2022.

**161990/2023   THOMAS, DEVON vs. CABAN, EDWARD A ET AL**                  **Page 1 of 4**
**Motion No.  001**

1 of 4

[* 1]

use of firearms, and other information that demonstrates a lack of good moral character. See 38 RCNY §§ 5-10(a), (f), (i), (n).

Courts review the rationality or reasonableness of an agency's determination under the arbitrary and capricious standard. However, courts are limited to assessing whether a rational basis exists to support an administrative determination; the court's review ends if a rational basis exists. (*See Heintz v. Brown*, 80 NY2d 998, 1001 [1992] [*citing Pell v Bd. of Educ.,* 34 NY2d 222, 230–31 [1974]; *Sullivan County Harness Racing Assn v Glasser,* 30 NY2d 269, 277 [1972]) The reviewing court "may not substitute its own judgment of the evidence for that of the administrative agency, but should review the whole record to determine whether there exists a rational basis to support the findings upon which the agency's determination is predicated." *Purdy v. Kreisberg*, 47 NY2d 354, 358 [1979]. In sum, "a court may not overturn an agency's decision merely because it would have reached a contrary conclusion." *Sullivan County,* 30 N.Y.2d at 278. A rational or reasonable basis for an administrative agency determination exists if there is evidence in the record to support its conclusion. (*See Sewell v City of New York*, 182 AD2d 469 [1st Dept. 1992], *appeal denied*, 80 NY2d 756 [1992]). Unless the reviewing court finds that the agency acted in excess of its jurisdiction, in violation of a lawful procedure, arbitrarily, or in abuse of its discretion, the court has no alternative but to confirm the agency's decision. (*See Pell*, 34 NY2d at 231)

After reviewing the record, the Court finds that the NYPD License Division's denial of the petitioner's application for a carry guard handgun license was rational and reasonable and in accordance with applicable law. The petitioner had previously been granted licenses permitting him to carry a concealed handgun in connection with his employments a s security guard. The License Division properly considered two incidents where the petitioner exceeded the limited scope of his license by exposing or displaying his handgun in circumstances not related to his employment as a security guard. Those previous licenses were revoked, and the License Division properly considered the prior revocations when evaluating the petitioner's fitness in connection with the instant application. The prior revocations were upheld by a court, and the petitioner's attempt to relitigate them here are improper and unavailing.

The License Division's investigation also revealed Petitioner's history of failing to follow License Division rules. A Carry Guard licensee must immediately report to the License Division any improper use or safeguarding of a handgun, as well as if the licensee is arrested or becomes subject to an order or protection. See 38 RCNY §§ 5-24(b)(2)(iv), (b)(3)(iii) and (v). Petitioner failed to notify the License Division about the order of protection issued against him in May 2011, and failed to notify the License Division that he improperly entered a police precinct with his firearm exposed in April 2016. After reviewing the full record, the NYPD License Division found that Petitioner has "a history of exceeding the limitations of his Carry Guard license" and "continues to evidence a failure to appreciate the rules and regulations surrounding the Carry Guard license," which is "alarming and evidences his lack of judgment." Exh. K at 3. Further, "[t]hese incidents span a wide range of Mr. Thomas's life and do not appear to lessen even after explicit notice that his conduct is inappropriate." *Id*. NYPD's decision was rational and reasonable in light of the administrative record and Petitioner's attitude toward and lack of remorse concerning his past misconduct.

161990/2023   THOMAS, DEVON vs. CABAN, EDWARD A ET AL                    Page 2 of 4
  Motion No.  001

2 of 4

[* 2]

Finally, the petitioner's attempts to challenge the denial of his license application on constitutional grounds is ill-conceived and unavailing. Petitioner argues that the requirement that license applicants demonstrate that they are of "good moral character" in order to successfully obtain a license is inconsistent with this country's history and tradition of firearms regulation and runs afoul of the decision of the Supreme Court of the United States in *New York State Riffle & Pistol Assn., Inc. v Bruen*, 597 US 1 [2022]. This argument has already been ruled upon and rejected by other courts, most notably by the United States Court of Appeals for the Second Circuit in *Antonyuk v Chiumento*, 89 F4th 271 [2d Cir. 2023]. The key language in *Antonyuk* upholding the good moral character requirement is an astute and cogent analysis of the rule's conformance with the decision in *Bruen* and is worth quoting in full.

> The ["good moral character"] requirement is not facially invalid because it is not unconstitutional in all its applications. The CCIA's definition of "character" is a proxy for dangerousness: whether the applicant, if licensed to carry a firearm, is likely to pose a danger to himself, others, or public safety. And there is widespread consensus (notwithstanding some disputes at the margins) that restrictions which prevent dangerous individuals from wielding lethal weapons are part of the nation's tradition of firearm regulation. We therefore cannot conclude that every denial on grounds of "good moral character" as defined by New York will violate the Second Amendment, though various avenues lie open for as-applied challenges.

> Next, we disagree with the district court's conclusion that affording licensing officers a modicum of discretion to grant or deny a concealed carry permit is inconsistent with the nation's tradition of firearm regulation. For as long as licensing has been used to regulate privately-owned firearms, issuance has been based on discretionary judgments by local officials. Licensing that includes discretion that is bounded by defined standards, we conclude, is part of this nation's history and tradition of firearm regulation and therefore in compliance with the Second Amendment.

> Finally, *Bruen* does not forbid discretion in licensing regimes--on the contrary, the Bruen Court specifically stated that its decision did not imperil the validity of more than a dozen licensing schemes that confer discretion materially identical to the CCIA. At most, the Court indicated that the practical operation of a licensing scheme is relevant to whether it is impermissibly discretionary. It was therefore error to strike down New York's scheme on a facial challenge.

*Antonyuk*, 89 F4th at 312.

In the opinion of this Court, the above quoted decision is all that needs to be said about this petition. The petition is dismissed. Accordingly, it is hereby

ORDERED that the petition is denied, and the proceeding is dismissed.

This constitutes the decision and order of the court.

20250516104102NWOYNE2D3AE56C810RA4961BA10E31F9405E1E3

**5/16/2025**
**DATE**

**NICHOLAS W. MOYNE, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161990/2023  THOMAS, DEVON vs. CABAN, EDWARD A ET AL**                                    **Page 4 of 4**
**Motion No.  001**

[* 4]